UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BRET HERSPOLD, on behalf of himself and all others similarly situated, | ) ) ) | C/A:  4:14-cv-3418-PMD |
| Plaintiff, | ) ) | |
| v. | ) ) | **FLSA COLLECTIVE ACTION** |
| KING KONG SUSHI BAR & GRILL, LLC; TKM ENTERPRISES, LLC; and KYUWON CHOI, individually, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

The Plaintiff, Bret Herspold ("Plaintiff"), on behalf of himself and all others similarly situated, complaining of the acts of Defendants King Kong Sushi Bar & Grill, LLC ("KKS"); TKM Enterprises, LLC ("TKM"); and Kyuwon Choi ("Choi") (KKS; TKM; and Choi; collectively "Defendants"), alleges as follows:

**PARTIES AND JURISDICTION**

1.     Plaintiff is a citizen and resident of the County of Horry, State of South Carolina, and brings this action on behalf of himself and all other similarly situated employees and former employees of Defendants for minimum wages and overtime compensation as well as other relief allowed under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq. ("FLSA").

2.     Upon information and belief, KKS is a South Carolina limited liability company maintaining offices and agents and otherwise doing business in the County of Horry, State of South Carolina.

3.     Upon information and belief, TKM is a South Carolina limited liability company maintaining offices and agents and otherwise doing business in the County of Horry, State of

1

South Carolina, and an owner of KKS.

4. Upon information and belief, Choi is a citizen and resident of the County of Horry, State of South Carolina, and an owner of KKS and TKM.

5. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Plaintiff's claims under the FLSA.

6. Based upon the above, jurisdiction and venue are proper in this court and division.

## FACTS

7. Plaintiff realleges each and every allegation contained in Paragraphs 1 through 6 as if repeated here verbatim.

8. Defendants own and operate a restaurant, King Kong Sushi Bar & Grill, which has two (2) locations, in or near Myrtle Beach, SC.

9. Defendants each exercise operational control over the restaurant; each have the authority to hire, discipline, and fire employees of the restaurant; each were involved in the decisions to set the wages and pay for Plaintiff and all other similarly situated employees; and, therefore, each are liable to Plaintiff and all other similarly situated employees.

10. Defendants hired Plaintiff as an employee on or about 2010 to be a server.

11. Defendants paid Plaintiff, and all other similarly situated employees, less than the statutory minimum wage by taking the "tip credit" under the FLSA, 29 U.S.C. § 203(m).

12. When Plaintiff worked more than forty (40) hours in a workweek, Defendants paid him, and all other similarly situated servers, a rate less than the legal rate using the tip credit.

13. Defendants required Plaintiff, and all other similarly situated servers, to remit a portion of their tips at the end of each shift into a mandatory tip pool ("Tip Pool").

14. Defendants take from each server's tips four percent (4%) of sales made by the server for each shift.

15. The four percent (4%) is then redistributed to "back-of-the-house" kitchen staff.

### FOR A FIRST CAUSE OF ACTION
### Violation of Fair Labor Standards Act
### 29 U.S.C. § 203(m), 206
### (Violation of Tip Credit / Failure to Pay Proper Minimum Wage)

16. Plaintiff realleges each and every allegation contained in Paragraphs 1 through 15 as if repeated here verbatim.

17. As alleged above, Plaintiff, and all other similarly situated employees either were or are employed by Defendants.

18. At all times pertinent to this Complaint, Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

19. At all times relevant to this Complaint, Defendants' annual gross volume of sales made or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00). Alternatively, Plaintiff, and all other similarly situated employees, worked in interstate commerce so as to fall within the protection of the FLSA.

20. The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the Fair Labor Standards Act.

21. The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

22. The FLSA, 29 U.S.C. § 203(m), provides an exception allowing employers to pay less than the statutory minimum wage to tipped employees, on the condition that the pooling of tips is only amongst those who customarily and regularly receive tips.

23. When the employer, its owners, its managers, or "back-of-the-house" employees share in the Tip Pool, the Tip Pool exception is invalidated.

24. When the Tip Pool is invalidated, the employer can no longer enjoy the benefits of the tip credit provision, 29 U.S.C. § 203(m).

25. Without the benefit of the tip credit provision, Defendants must pay each nonexempt employee the statutory minimum wage of Seven and 25/100 dollars ($7.25) per hour.

26. After violating the tip credit, Defendants must also return the tips that were taken from Plaintiff and all others similarly situated.

27. As such, Defendants have violated the FLSA, 29 U.S.C. § 206.

28. As such, Plaintiff, on behalf of himself and all other similarly situated employees, seeks to recover from Defendants the amount of minimum wages due, the tips that were taken prejudgment interest, and the costs and disbursements of this action, including reasonable attorneys' fees and costs.

29. Defendants' violation of the Act was willful, knowing, intentional, and reckless, therefore, Plaintiff on behalf of himself and all other similarly situated employees are entitled to recover liquidated damages from Defendants.

**FOR A SECOND CAUSE OF ACTION**
**Violation of Fair Labor Standards Act**
**29 U.S.C. § 207**
**(Failure to Pay Proper Overtime Wage)**

30. Plaintiff realleges each and every allegation contained in Paragraphs 1 through 29 as if repeated here verbatim.

31. Pursuant to the terms of the FLSA, 29 U.S.C. § 207, an employer must pay a nonexempt employee time and a half for all hours worked over forty (40) hours in a workweek.

32. Plaintiff and all other similarly situated employees were nonexempt employees

4

under the FLSA, and Defendants have failed to pay Plaintiff and all other similarly situated employees the proper amount for overtime hours worked.

33. Defendants have violated the FLSA, 29 U.S.C. § 207.

34. As such, Plaintiff, on behalf of himself and all other similarly situated employees, seeks to recover the amount of overtime wages due, prejudgment interest, and the costs and disbursements of this action, including reasonable attorneys' fees.

35. Defendants' violation of the FLSA was willful, knowing, intentional, and reckless, therefore, Plaintiff and other similarly situated employees are entitled to recover liquidated damages from Defendants.

WHEREFORE, Plaintiff, and all other similarly situated employees and former employees, pray for judgment against Defendants for such an amount of actual damages as the trier of fact may find (including, but not limited to, all wages, minimum wages, and overtime wages due), return of the tips that were taken, liquidated damages, reasonable attorneys' fees and costs, prejudgment interest, and for such other and further relief as the court deems just and proper.

Bruce E. Miller (Fed Bar No. 3393)
BRUCE E. MILLER, P.A.
147 Wappoo Creek Drive, Suite 603
Charleston, SC  29412
T: 843.579.7373
F: 843.614.6417
bmiller@brucemillerlaw.com

CHARLESTON, SC

August 22, 2014

**ATTORNEY FOR BRET HERSPOLD,**
**on behalf of himself and**
**all others similarly situated**