UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BRET HERSPOLD, on behalf of himself and all others similarly situated, | ) ) ) | C/A: 4:14-cv-03418-RBH |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **CONFIDENTIALITY ORDER** |
| KING KONG SUSHI BAR & GRILL, LLC; TKM ENTERPRISES, LLC; and KYUWON CHOI, individually, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Upon consent of the parties, the parties in this action (the "Litigation") are required to observe the following terms:

1. Any documents, deposition testimony, written responses to discovery or other material produced during discovery, trial or otherwise in this case (and any and all copies, summaries or abstracts to such material) which the designating party reasonably and in good faith believes to contain or disclose confidential business or financial information, personal health information (PHI), and/or confidential or private personal information may be designated as "CONFIDENTIAL MATERIAL" pursuant to this Confidentiality Agreement.

2. CONFIDENTIAL MATERIAL of a producing party shall not be made public by the receiving party or divulged to anyone other than the persons permitted to access as set forth herein. No CONFIDENTIAL MATERIAL shall be reproduced or used except in connection with the Litigation.

3. Any party producing CONFIDENTIAL MATERIAL shall label or mark the documents and things deemed to be CONFIDENTIAL MATERIAL with an appropriate legend. CONFIDENTIAL MATERIAL shall be marked "CONFIDENTIAL" or other similar language. The party that inadvertently fails to mark an item as CONFIDENTIAL MATERIAL at the time of production may, at any time, correct its failure in writing accompanied with substitute copies of each item, container, or folder appropriately marked with the new designation.

4. CONFIDENTIAL MATERIAL shall be treated by each receiving party as confidential unless and until the Court rules to the contrary or the designated party agrees otherwise. Unless and until the Court rules or the designated party otherwise agrees, access to or disclosure of CONFIDENTIAL MATERIAL shall be limited to the following persons:

a. the Court and those employed by the Court. In the event that a Party wishes to use any Confidential Information in any papers filed in Court in this litigation, the Party shall notify opposing counsel of such intent. The Parties shall then meet and confer with regard to which documents, if any, should be filed under seal. Should the Parties agree as to which documents should be filed under seal, the Party seeking to file such documents shall file a motion requesting that the Court maintain the agreed upon documents under seal. In the event the Parties do not agree upon which documents should be placed under seal, the Party seeking to file such documents under seal shall file a motion requesting that the Court maintain the documents under seal. The Parties acknowledge that whether Confidential Information submitted to the Court is maintained under seal is subject to the Court's ultimate decision on any motion to place and/or accept confidential documents under seal.

b. the parties in the Litigation including any employees of the parties that receive such material. The parties' employees to whom such material will be disclosed must have a legitimate need to review such material in connection with the Litigation.

c. the attorneys of record and associated attorneys for the party or parties in the Litigation to whom such material is produced, and the employees, or vendors, and contractors of such attorneys;

d. court reporters and employees of court reporters engaged by counsel to record and transcribe testimony in the Litigation;

e. outside experts and consultants who have been retained by a party or counsel of record in the Litigation for purposes of assisting in the preparation of the Litigation for trial; and

f. a mediator or arbitrator as appointed by the Court or agreed upon by the Parties.

5. Any party may designate its responses to discovery, including responses to requests for production, responses to interrogatories, responses to requests for admission, and depositions, as CONFIDENTIAL. In the case of depositions, counsel for a party believes that a portion or all of the deposition contains CONFIDENTIAL MATERIAL, counsel shall so state on the record or in writing sent within seven (7) business days after his or her subsequent receipt of the transcript. Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portions of the transcript that constitute CONFIDENTIAL MATERIAL. Until the expiration of the aforesaid seven (7) business day period, all depositions transcripts shall be considered and treated as protected CONFIDENTIAL MATERIAL, unless otherwise agreed on the record at the deposition.

6. No assertion or waiver of confidentiality pursuant to this Confidentiality Agreement shall affect the assertion or validity of any other claim of confidentiality, privilege or other basis for non-production or withholding any discovery matter from discovery, nor shall this Confidentiality Agreement require disclosure of such material.

7. This Confidentiality Agreement shall not preclude any party from moving the Court for an order directing the disclosure of the materials withheld, however, nor prevent a party from applying to the Court for relief there from, or from applying to the Court for further or additional Confidentiality Agreements. In the event either party designates any material or testimony as CONFIDENTIAL MATERIAL and the other objects to the designation, the designating party shall, within fifteen (15) days after written receipt of the objection, provide the objecting party with a written description of the reason why the material is considered confidential by the party. If the objecting party still does not agree with the designation, then the objecting party can move the Court for an order removing the confidential designation and the designating party shall have the burden of proof that the material is confidential and that the designating party has taken reasonable steps to maintain its confidential nature.

8. Within thirty (30) calendar days after the final termination of this action, including any appeals, counsel for the receiving party shall destroy originals and all copies of the CONFIDENTIAL MATERIAL and certify in writing the destruction to counsel for the designating party. Notwithstanding the foregoing, counsel of record for each of the parties may retain for their files one copy of all pleadings, briefs, exhibits, deposition transcripts and exhibits, or hearing transcripts wand exhibits which contain such information, subject to the ongoing obligation to maintain the confidentiality of such information as set forth in this Confidentiality Agreement.

**AND IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

FLORENCE, SC

January 14, 2015