**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Bret Herspold and Erika Buchanan, on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> King Kong Sushi Bar & Grill, LLC, TKM Enterprises, LLC and Kyuwon Choi, <br><br> Defendants. | ) CASE NO. 4:14-cv-03418-RBH <br> ) <br> ) <br> ) <br> ) <br> ) **ORDER APPROVING** <br> ) **SETTLEMENT AGREEMENT** <br> ) **UNDER THE** <br> ) **FAIR LABOR STANDARDS ACT** <br> ) <br> ) <br> ) <br> ) |

This matter comes before the Court by way of a Consent Motion. The attorneys for the Parties jointly request approval of the Settlement Agreement reached between Bret Herspold, Erika Buchanan, Brandi L. Devine, Stacie McLamb, Ashley Scalf, and Dana Putman (hereafter collectively referred to as "Plaintiffs") and King Kong Sushi Bar & Grill, LLC,; TKM Enterprises, LLC, and Kyuwon Choi (hereafter collectively referred to as "Defendants"). Plaintiffs and Defendants are collectively referred to as the Parties in this Order. In the Complaint and subsequent Amended Complaints, the Plaintiffs allege causes of action for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, *et seq.* against the Defendants. The Defendants deny the allegations.

No motion for conditional certification or class certification was ever filed, therefore, this motion relates to the claims of the six (6) Plaintiffs identified above. The Parties, with the aid of a mediator, reached a settlement after a full day of negotiations. The Parties believe the

settlement reached and agreed upon to be a fair and reasonable settlement, given the uncertainty as to liability and the estimated future costs of litigation.[1]

The settlement of FLSA claims outside the context of Department of Labor supervised settlements requires court approval. Courts generally approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982); *Clark v. Ecolab Inc.*, 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

After due consideration and inquiry into the circumstances surrounding the proposed settlement of Plaintiffs' FLSA claim against Defendants, and review of the Settlement Agreement and Release,[2] I find and conclude that the proposed settlement in this case meets the standard for approval as it reflects a reasonable compromise of a bona fide dispute. I find and conclude that the proposed settlement is just and reasonable and in the best interest of the parties. I further find the settlement to have been reached in good faith. Therefore, based upon the

---

[1] A copy of the parties' settlement agreement was e-mailed to the court's chambers for review *in camera*. The parties desire to maintain a confidential settlement agreement. While the parties have not filed the agreement with the court, they do seek the court's *in camera* review and approval of the confidential settlement pursuant to *Taylor v. Progress Energy, Inc.*, 415 F.3d 364 (4th Cir. 2005). The court's review of the settlement and subsequent dismissal does not fall within the purview of Local Rule 5.03(e). This agreement does not involve "court enforced secrecy" since the penalty for disclosure is not contempt of court. As Judge Anderson noted, "Rule 5.03 addresses court ordered secrecy, i.e. a settlement whereby the parties consent to an order of the court directing that the settlement, the court documents, or whatever else the parties agree upon, remain secret. It is one thing to say that the parties have the right, as they do, to agree upon secrecy inter se; it is quite another to suggest that there is some legal right to force a judge to sign an order requiring that the parties 'hush up' on pain of contempt of court." Joseph F. Anderson, Jr., Hidden from the Public by Order of the Court: The Case Against Government-Enforced Secrecy, 55 S.C. L. Rev. 711, 727 (2004). In contrast, this dismissal order does not order the parties to keep silent. Rather, the parties have agreed among themselves not to disclose the terms.

[2] The Settlement Agreement has been approved by counsel for the Parties. Signature pages are being circulated to be signed by all Parties. Plaintiffs' counsel will not disburse any settlement funds until he has all six (6) signatures of Plaintiffs. Once Plaintiffs' counsel has received the signatures of the three (3) Defendants, he will file the Stipulation of Dismissal with Prejudice and send the signatures of the six (6) Plaintiffs to Defendants' counsel.

parties' joint request to approve the settlement and after review of the settlement agreement, the court approves the settlement agreement as requested by the parties. Upon execution of the agreement as set forth in footnote 2, a stipulation of dismissal with prejudice shall be promptly filed. Accordingly, IT IS SO ORDERED that the terms of the settlement in this case are approved.

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

August 27, 2015
Florence, South Carolina